-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ISAAC LEE HUNTER,

        Plaintiff,

        v.                                                04CV920Sc

                                                              ORDER

SHERIFF'S DEPUTY CHRIS HILL,

        Defendant.

Plaintiff, acting pro se, initially filed this action under 42 U.S.C. § 1983 against a number of defendants alleging, among other things, that, on May 16, 2002, his former employer threatened to kill him, and that, on May 20, 2002, the defendant he claims was named "Chris Hill," a Deputy Sheriff, who plaintiff claimed was his employer's nephew, threatened and physically assaulted him at the Erie County Holding Center's "Court Lock-up" or "Hold Area" and then lied to the court by stating that plaintiff was fighting with him and other deputies and refused to appear for his court appearance.  Plaintiff also alleged in the original Complaint that a number of other defendants, including a number of judges and prosecutors, had deprived him of or violated a number of his constitutional rights in relation to their involvement in plaintiff's state criminal prosecution..

Upon review of the Complaint and plaintiff's application to proceed in forma pauperis, the Court issued a Decision and Order granting plaintiff's request to proceed as a poor person, dismissing, pursuant to 28 U.S.C. §§ 1915(e)(B)(ii) and 1915A, all of plaintiff's claims, except his claim under 42 U.S.C. § 1983 against defendant Erie County Deputy Sheriff Chris Hill for allegedly assaulting him on May 20, 2002, and directing service

by the U.S. Marshals Service with respect to the one remaining claim against Hill (Docket No. 4, Decision and Order). After a summons was issued for service on Hill, plaintiff filed both a Notice of Appeal (Docket No. 5) and a motion to amend the Complaint (Docket No. 6). The Court denied the motion to amend without prejudice and advised plaintiff that, pursuant to Fed. R. Civ. P. 15(a), he could file an Amended Complaint without leave of Court at any time prior to service of a responsive pleading by defendant Hill. Following that, the Court of Appeals dismissed plaintiff's Notice of Appeal (Docket No. 9). On January 3, 2007, plaintiff filed a lengthy and confusing Amended Complaint (Docket No. 10), which the Court dismissed in its entirety except for the assault/excessive force claim against Deputy Sheriff Chris Hill that had survived from the initial Complaint (Docket No. 11).

Because there had been no service on Hill (Docket No. 8, Summons Return Unexecuted) and because the Court had just recently been advised by plaintiff of his current address and that he had just recently been released from civil commitment confinement, the Court directed plaintiff to show cause why this action should not be dismissed for plaintiff's failure to timely effect service on Hill (Docket No. 11)[1].

---

[1] During the pendency of the instant action, plaintiff also had pending in this Court a petition for a writ of habeas corpus challenging his detention and commitment based on the Erie County Court's repeated findings that, pursuant to N.Y. Crim. Proc. L. § 730.50, plaintiff was not competent to stand trial, Hunter v. Gipson, No. 04-CV-0655VEB. Plaintiff was first detained or committed pursuant to § 730.50 on or about September 25, 2003, and he was "re-committed" by County Court on July 22, 2004, February 9, 2005, and October 24, 2006. The last order of commitment ordered plaintiff's commitment until February 7, 2007, and on January 29, 2007, an application for an order of retention for two additional years was made by the director of the forensic psychiatric facility, Hunter v. Gipson, No. 04-CV-0655VEB, Docket No. 16, Decision and Order, of February 14, 2008, at 2-4. On February 27, 2007, the underlying Indictment against plaintiff was dismissed because the time plaintiff had spent in custodial detention was equal to two-thirds of the authorized maximum term of imprisonment (seven years) for the highest class of felony with which plaintiff was charged in the then pendingIindictment. See N.Y. Crim. Proc. L. § 730.50(3), (4), with that Indictment dismissed with prejudice on March 12, 2007, id. § 730.50(4). Following the dismissal, plaintiff was transferred from the Mid-Hudson Forensic Psychiatric Center to the Buffalo Psychiatric Center pursuant to an Order of Civil Commitment under

Plaintiff responded to the Order to Show Cause and the Court found that plaintiff had shown cause why the action should not be dismissed, and directed the Clerk of the Court to cause the Marshals Service to serve the summons and amended complaint on Erie County Deputy Sheriff Chris Hill (Docket No. 13).  A summons was issued on July 2, 2008, but service was not, and still has not been, effected on Hill and the Court's Pro Se Office had been advised by the Marshals Service that its efforts to serve Hill had been unsuccessful and that Hill had not acknowledged receipt of the summons and Amended Complaint, see N.Y. C.P.L.R. 312-a and Fed. R. Civ. P. 4(e)(1).  Upon receipt of this information from the Marshals Service, the Pro Se Office contacted the Erie County Attorney's Office, the office that routinely defends Erie County employees in actions filed in this Court, and asked if it could assist the Court in ascertaining an address at which Deputy Sheriff Hill could be served, see Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), and was advised that there was no Erie County Sheriff's Deputy by the name of Chris Hill, as he was identified and named in Amended Complaint.

While recognizing that it was plaintiff's responsibility to identify the individual whom allegedly assaulted him on or about May 20, 2002, see Rivera v. Pataki, No. 04 Civ. 1286 (MBM), 2005 WL 407710, at *15 (S.D.N.Y., Feb. 7, 2005) (once an inmate-plaintiff has provided the Marshal with the information necessary to serve his Complaint, "he is absolved of further responsibility for service[]"); Paulson v. Doe, No. 96 Civ. 7552, 1997 U.S. Dist. LEXIS 15733, at *4 (S.D.N.Y. Oct. 3, 1997) ("it is not the responsibility of the

---

Article 9 of New York's Mental Hygiene Law, Hunter v. Gipson, No. 04-CV-0655VEB, Docket No. 16, Decision and Order, at 3-4.  Plaintiff was eventually released and began his attempts to prosecute this action.  The Court was just recently contacted by plaintiff and advised that plaintiff was currently at the Buffalo Psychiatric Center.

3

[Court's] Pro Se Office to provide plaintiffs with the names and addresses of the defendants which they sue"), but also noting the Court's obligation under Valentin to assist a pro se indigent litigant in serving the summons and complaint, the Court issued an Order on November 10, 2008, requesting the Erie County Attorney's Office to ascertain if there was, in fact, a Deputy Sheriff by the name of "Chris Hill" with the Erie County Sheriff's Department on or around May 20, 2002 and, if so, to provide the Court, in camera, an address at which he could be served with the summons and amended complaint. The Court noted that if a person by the name of "Chris Hill" was not an employee of the Erie County Sheriff's Department on or around May 20, 2002, then it would be incumbent on plaintiff to show cause why the Amended Complaint should not be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, for failure to state a claim upon which relief can be granted and to provide to the Court with information in order to identify the Deputy Sheriff whom he claimed assaulted him at the Erie County Holding Center's "Court Lock-up" or "Hold Area" on May 20, 2002. (Docket No. 16.) Plaintiff was advised that if he could not identify the defendant in this matter or provide sufficient information so that the Court could further request, pursuant to Valentin, 121 F.3d at 75, the Erie County Attorney's Office to ascertain whom the defendant may be and identify him so that service could be made, the Court would have no alternative but to dismiss the Amended Complaint (id.).

On November 14, 2008, plaintiff filed a motion for another Order directing service on Deputy Sheriff Chris Hill by the Marshals Service and for entry of default (Docket No. 17). On December 8, 2008, a sergeant with the Erie County Sheriff's Department submitted an affidavit stating that she had personally reviewed the Erie County Sheriff's employee database to determine whether the Sheriff's Department had employed a Deputy

by the name of "Chris Hill" on or about May 20, 2002, and determined, upon such review, that there was no Deputy Sheriff by that name employed by the Sheriff's Department on or about May 20, 2002, and that the Department does not employ currently any person by the name of "Chris Hill" (Docket No. 18).

Accordingly, plaintiff's motion for service and entry of default (Docket No. 17) is **denied**. Plaintiff is hereby directed to show cause by **April 16, 2009**, why this action should not be dismissed for failure to state a claim and to identify a defendant whom he alleges assaulted him on May 20, 2002, at the Erie County Holding Center and to provide to the Court information sufficient to identify the Deputy Sheriff or other person whom he claimed assaulted him at the Erie County Holding Center's "Court Lock-up" or "Hold Area" on May 20, 2002. For example, this information may include the time of the alleged assault, the exact location of the alleged assault, a physical description of the person whom allegedly assaulted him and any other information plaintiff may know to describe and identify this person. Plaintiff's failure to respond to this Order by **April 16, 2009**, and to show cause why this action should not be dismissed will result in the **dismissal of this action with prejudice** without further notice to plaintiff or Order of the Court.

The Clerk of the Court is directed to forward a copy of this Order to the plaintiff at both the address noted on the docket sheet and the Buffalo Psychiatric Center.[2]

So Ordered.

                                              */s/ Hugh B. Scott*
                                              Hon. Hugh B. Scott
                                            United States Magistrate Judge

Dated:       Buffalo, New York
                February 25, 2009

---

[2] Plaintiff is reminded that pursuant to Local Civil Rule 5.2(d) of this District, it is his obligation to inform the Clerk of the Court of any change of address. A plaintiff's failure to inform the Court of a change of address may result in dismissal of the action **with prejudice**. Notifying Chambers or the Pro Se Clerk's office will not suffice in indicating any changes in address.